# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR04-4082-MWB |
| vs. | **ORDER ON MOTION RELATING TO NOTICES OF ALIBI** |
| LARRY HINMAN, ANNA DOSE, *aka* Ann Dose, and CARLA WEBER, | |
| Defendants. | |

On June 23, 2005, the Government served on the defendants a written request pursuant to Federal Rule of Criminal Procedure 12.1(a)(1)[1] for notice of intended alibi defense. (Doc. No. 138) The Government asked the defendants for notice of any alibi for June 23, 24, or 25, 1999, during the time from 8:00 a.m. to 5:00 p.m., at the Indian Hills Nursing and Rehab Center in Sioux City, Iowa. Instead of giving a notice of intended alibi, as required by the Rule,[2] the defendants Anna Dose and Larry Hinman filed objections to the request (Doc. Nos. 139 and 140), asking the Government for greater specificity concerning the time frame of the alleged illegal activity. The Government filed a response (Doc. No. 148), and the defendants filed replies (Doc. Nos. 145 & 146). On July 28, 2005, the Government filed a motion for an order requiring compliance with the request for notice. (Doc. No. 152)

---

[1] "An attorney for the Government may request in writing that the defendant notify an attorney for the Government of any intended alibi defense. The request must state the time, date, and place of the alleged offense."

[2] "Within 10 days after the request, or at some other time the court sets, the defendant must serve written notice on an attorney for the Government of any intended alibi defense. . . ." Fed. R. Crim. P. 12.1(a)(2).

The procedure set out in Rule 12.1 is simple and direct.  If the Government requests notice of an intended alibi defense, and if a defendant plans to rely on an alibi defense for the times and places set out in the Government's request, the defendant must provide to the Government the information required by Federal Rule of Criminal Procedure 12.1(2)(A) & (B).  The requirement of this rule is to prevent "surprise and undue delay."  *United States v. Webster*, 769 F.2d 487, 490 (8th Cir. 1985).  If a defendant is not planning on relying on an alibi defense, the defendant need not respond to the Government's request, but the defendant will not be permitted to put on evidence at trial to support such a defense.  Fed. R. Crim. P. 12.1(e) ("If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi.").  There is nothing vague or onerous about the Government's request, and the defendants have given no factual or legal justification to support their objections to responding to the request.

The only federal court authority cited by the defendants to support their position is *United States v. Bickman*, 491 F. Supp. 277 (E.D. Pa 1980).  The court finds the reasoning in *Bickman* to be unpersuasive.  Furthermore, in *Bickman*, the court found the time period covered by the request for notice of alibi was unnecessarily broad and vague.  *Id.*, 491 F. Supp. at 279.  No such showing has been made here.[3]

For these reasons, the Government's motion for order requiring the defendants to comply with the request for notice of alibi (Doc. No. 152) is **granted.**  If the defendants fail to respond properly to the notice by **August 5, 2005**, the defendants will be precluded

---

[3]The court in *Bickman* also apparently was concerned that the Government had an improper motive in asking for a notice of alibi defense; *i.e.*, the court suggested the Government was seeking the information so two of its witnesses could use the information to refine their testimony.  *Bickman*, 491 F. Supp. at 278-79.

2

from presenting at trial any evidence of an alibi for the times and place stated in the Government's request.

**IT IS SO ORDERED.**

**DATED** this 1st day of August, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT